UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KHALIF DIJOUR JOHNSON,

                                    Plaintiff,              9:25-CV-0618
                                                            (LEK/DJS)
             v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
et al.,

                                    Defendants.

---

APPEARANCES:                                     OF COUNSEL:

KHALIF DIJOUR JOHNSON
Plaintiff, pro se
23-B-0383
Mohawk Correctional Facility
6514 Route 26
Rome, NY 13442

LAWRENCE E. KAHN
Senior United States District Judge

## DECISION AND ORDER

### I.      INTRODUCTION

Pro se plaintiff Khalif Dijour Johnson ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application"). The complaint contained allegations of wrongdoing that occurred at Mohawk Correctional Facility ("Mohawk C.F."). *See generally* Compl.

By Memorandum-Decision and Order filed on December 18, 2025 (the "December 2025 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the

complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 10.  The Court found that plaintiff's Eighth Amendment failure-to-protect claims against defendant Corrections Officer Doe survived review and required a response.  *See id*.  The Court dismissed plaintiff's § 1983 claims for monetary damages against DOCCS and official capacity claims with prejudice and all remaining claims, without prejudice.  *See id*.  The Court also directed the New York State Attorney General's Office to attempt to ascertain the full name of Corrections Officer Doe and to provide the address at which he may be served.  *See id*.  The New York State Attorney General's Office was directed to produce the information within thirty (30) days of the filing date of the Order.  *Id*.

On January 27, 2026, the Attorney General's Office responded to the Court's directive. Dkt. No. 13.  On February 4, 2026, the Court issued an Order advising plaintiff to review counsel's submission and advised, "[t]o the extent plaintiff is able to identify the 'Doe' defendant based on the submission, he must, within thirty (30) days of the date of this Order, prepare and submit an amended complaint which substitutes the named defendant in place of the 'Doe' defendant, and which makes any other corrections necessary."  Dkt. No. 14.

Plaintiff's amended complaint is now before the Court for review.  Dkt. No. 19 ("Am. Compl.").

## II.     SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the December 2025 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 10 at 3-4.

### B. Summary of Amended Complaint

With the amended complaint, plaintiff substitutes defendant Correctional Officer Douglas Robinson ("Robinson") for Doe.[1]  *See generally* Am. Compl.  Plaintiff also includes the following new defendants:  Correctional Officer Sirleaf ("Sirleaf"), Sergeant Doe ("Sgt. Doe"), and Superintendent Alfred Montegari ("Montegari").[2]  *See id.*

On February 23, 2025, at approximately 7:03 a.m., plaintiff was physically assaulted by an unidentified inmate in the dayroom of the 22B dorm unit.  Am. Compl. at 5.  The assailant "stab[bed] and cut" plaintiff's face with a sharp object.  *Id.*  Robinson was not at his post or in the immediate area at the time of the incident.  *Id.* at 5-6.  Plaintiff alleges, "there had been at least 2 similar cutting incidents within approximately a five hour period on the 22B dorm unit."  *Id*. at 6.

Sirleaf issued a ticket "with false charges" and Sgt. Doe transferred plaintiff to the Special Housing Unit ("SHU"), where he remained for fifty days before attending a disciplinary hearing.  Am. Compl. at 6-7.  After the hearing, plaintiff was found "not guilty" of the charges in the misbehavior report.  *Id*. at 6, 9.

Construing the amended complaint liberally[3], plaintiff alleges the following: (1) Eighth Amendment failure-to-protect claims against Robinson, Montegari, and Sgt. Doe; (2) Eighth

---

[1]  The Clerk of the Court is directed to substitute Robinson for Doe on the Docket Report.

[2]  The Clerk of the Court is direct to amend the Docket Report to include these defendants.

[3]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

Amendment claims related to his conditions of confinement against Robinson, Montegari, Sirleaf, and Sgt. Doe; and (3) Fourteenth Amendment due process claims against Sgt. Doe, Montegari, and Sirleaf.  *See generally* Am. Compl.  Plaintiff seeks monetary damages.  *Id*. at 12.

### C.  Analysis

#### 1.  Eighth Amendment – Failure-to-Protect

The law related to Eighth Amendment failure-to-protect claims was set forth in the December 2025 Order, and will not be restated herein.  *See* Dkt. No. 10 at 9-10.

Plaintiff's Eighth Amendment failure-to-protect claim against Doe is repeated and realleged in the amended complaint against Robinson.  For the reasons set forth in the December 2025 Order, Robinson is directed to respond to this claim.

In the December 2025 Order, the Court dismissed plaintiff's failure-to-protect claim against Sgt. Doe noting:

> The Court, however, reaches a different conclusion insofar as the Complaint may be construed to assert a failure-to-protect claim against Sergeant Doe because the pleading does not include any allegations explaining how this official may have been personally involved in the alleged wrongdoing. For example, the Complaint does not allege that Sergeant Doe was (1) responsible for overseeing the dorm area where plaintiff was allegedly assaulted on February 23, 2025, (2) aware that the environment in the dorm area was potentially dangerous, and/or (3) aware that Officer Doe left his assigned post. Indeed, it is entirely unclear from the allegations in the Complaint why plaintiff has named this official as a defendant.

Dkt. No. 10 at 10.

Despite being afforded the opportunity to amend this claim, the amended complaint does not remedy the pleading deficiencies identified in the December 2025 Order.  For the

4

reasons set forth in the December 2025 Order, plaintiff's failure-to-protect claim against Sgt. Doe is dismissed.

With respect to Montegari, as noted in the December 2025 Order, *Tangreti* requires that plaintiff allege that a defendant "violated the Eighth Amendment by [his] own conduct, not by reason of [his] supervision of others who committed the violation." *Tangreti,* 983 F.3d at 619. In this regard, plaintiff does not allege that Montegari was present or should have been present at the time of the alleged assault, and he does not claim that he spoke to Montegari, that he wrote to Montegari, complained to Montegari, or had any interaction with Montegari. As presently pled, the amended complaint does not contain sufficient allegations to suggest that Montegari was personally involved in the alleged Eighth Amendment violation. Accordingly, the failure-to-protect claim against Montegari is dismissed.

### 2.  Eighth Amendment – Conditions-of-Confinement

Plaintiff claims that "correctional staff engaged in an unlawful strike" and as a result, he suffered from "unsafe and dangerous" conditions within the facility. *See* Am. Compl. at 8.

"To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996) (citation omitted). To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.'" *Id*. (citation omitted). "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted). With respect to the subjective element, plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.'" *Jolly,* 76 F.3d at 480 (citation

5

omitted).  To constitute deliberate indifference, "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety."  *Walker*, 717 F.3d at 125.

As presently pled, the amended complaint does not contain sufficient facts to satisfy either prong of the Eighth Amendment analysis.  Plaintiff does not describe the conditions he allegedly endured during the strike.  Indeed, the amended complaint lacks dates, times, or any other substantive information related to the alleged "unsafe and dangerous" conditions.  Further, even assuming plaintiff had alleged facts that satisfied the objective prong of an Eighth Amendment analysis, plaintiff has not identified any individual or particular person involved in the alleged strike or personally involved in any constitutional violations related to his conditions of confinement.

Consequently, plaintiff's Eighth Amendment claims related to his conditions of confinement are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3.  Fourteenth Amendment – Due Process

The law related to due process claims was discussed in the December 2025 Order and will not be restated herein.  *See* Dkt. No. 10 at 11-12.  In the December 2025 Order, the Court dismissed these claims holding:

> As an initial matter, plaintiff does not describe the manner in which he was confined, including how, if at all, it differed from the manner in which he was confined on the date that preceded the alleged assault. In addition, plaintiff does not explain how either of the "Doe" defendants were responsible for his "confine[ment] on false charges" without a hearing.  Thus, plaintiff has failed to adequately allege that either of the named defendants were personally involved in subjecting him to any atypical conditions of confinement. Furthermore, setting aside these pleading deficiencies, the Complaint is dated March 17, 2025. *See* Compl. at 5. Even assuming plaintiff was placed in restrictive confinement on February 23, 2025, the Court can only infer that plaintiff spent

6

> twenty-two days in restrictive confinement without a hearing. In the absence of any facts detailing the nature of plaintiff's confinement during this time, the Court has no basis to plausibly infer that his potential placement in restrictive confinement subjected him to "an atypical and significant hardship" in relation to the ordinary incidents of prison life. *See Mortimer Excell v. Fischer*, No. 9:08-CV- 945 (DNH/RFT), 2009 WL 3111711, at *9 (N.D.N.Y. Sept. 24, 2009) ("[C]ourts have roundly rejected the notion that . . . a short period of confinement, without additional hardships, creates a liberty interest even when confinement is completely segregated, such as when an inmate is sent to . . . [SHU]." (citing *Sealey*, 197 F.3d at 589-90)).

Dkt. No. 10 at 12-13.

Insofar as plaintiff has asserted a due process claim against Sirleaf based on the alleged issuance of a false misbehavior report, it is well settled that "the filing of unfounded charges is not per se a constitutional violation under section 1983[.]" *Freeman v. Rideout*, 808 F.2d 949, 950 (2d Cir. 1986); *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (noting that "when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the [allegedly false] report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right[,]" the alleged creation of a false report may give rise to a constitutional claim); *Mitchell v. Senkowski*, 158 Fed. App'x 346, 349 (2d Cir. 2005) ("The issuance of false misbehavior reports and provision of false testimony against an inmate . . . violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him, . . . or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights[]" (internal citations omitted)).  The amended complaint lacks allegations regarding any prior history between plaintiff and Sirleaf.  Thus, the Court has no basis to infer that the misbehavior report was issued as retaliation for the exercise of substantive constitutional rights.

With respect to the claim against Sgt. Doe, while pre-hearing confinement may give rise to a liberty interest, *see Yant v. Scholack*, No. 95CIV.9462, 1998 WL 157053, at *5 (S.D.N.Y. Apr. 3, 1998), "not every placement of a pre-trial detainee in segregation constitutes punishment." *Johnson v. Herman,* No. 1:05-CV-372, 2006 WL 1408389, at *1 (N.D. Ind. May 18, 2006) (reasoning that segregation for legitimate security reasons, without a hearing, does not violate due process).  Here, as noted *supra*, plaintiff has not pled that he suffered any unusual conditions while confined in the SHU.  While plaintiff alleges that he was "confined in SHU for approximately 50 days before being afforded a disciplinary hearing," *see* Am. Compl. at 6, as the Court noted in the December 2025 Order, the complaint was dated March 17, 2025 (*see* Compl. at 5) and "[e]ven assuming plaintiff was placed in restrictive confinement on February 23, 2025, the Court can only infer that plaintiff spent twenty-two days in restrictive confinement without a hearing."  *See* Dkt. No. 10 at 13. Because plaintiff has not alleged that his conditions were atypical, in any manner, the amended complaint fails to suggest that plaintiff suffered a deprivation of a liberty interest. *See Hynes v. Squillace*, 143 F.3d 653, 657 (2d Cir. 1998) (pre-hearing confinement in keeplock for twenty-one days did not deprive prisoner of liberty interest).

Even assuming plaintiff suffered a deprivation of a liberty interest, the complaint lacks facts suggesting that plaintiff's due process rights were violated.  Plaintiff concedes that he received a misbehavior report on the day of the alleged incident, prior to the hearing.  Plaintiff did not provide any facts related to the hearing including who presided over the hearing, what transpired, what requests plaintiff made for evidence or witnesses, whether the requests were ignored and why, or any other relevant factual information. *See Watford,* 2012 WL 5451457, at *6 (dismissing due process claim where pretrial detainee received a written statement of

the charges against him the day after he was placed into pre-hearing detention, the hearing took place within a reasonable time, the hearing officer heard witness testimony, and the hearing officer provided the plaintiff with a written statement of his decision, including the evidence relied on, and the reasons for the decision).

As to plaintiff's claim concerning the time of the hearing, DOCCS regulations provide:

> Where an incarcerated individual is subject to a superintendent's hearing, the hearing must be completed within five days of such placement in segregated confinement, unless the subject incarcerated individual requests a postponement for the purposes of seeking employee assistance and/or representation.

N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") tit. 7, § 251-5.1(a).  Initially, the Court notes that a failure to comply with DOCCS' internal procedural rules and requirements is not a violation of a constitutional right.  *See Lopez v. Annucci*, No. 17-CV-6305, 2018 WL 11325795, at *5 (W.D.N.Y. Sept. 24, 2018).  Furthermore, at best, plaintiff was confined for twenty-two days prior to the hearing.  The amended complaint does not state why there was a delay beyond the five-day time period, who was responsible for the delay, or whether an extension of time was authorized or requested.  "It has been held that the fact that the time deadlines were not followed does not necessarily rise to the level of a constitutional claim without a consideration of whether the delay was reasonable."  *Morales v. Woods*, No. 906-CV-15 (TJM/GJD), 2008 WL 686801, at *6 (N.D.N.Y. Mar. 10, 2008) (internal quotation marks omitted).  Plaintiff summarily states that "staffing shortages" caused the delay, however, as noted *supra*, the pleading lacks any facts suggesting that any named defendant was involved in the strike, was responsible for the "staffing shortages," or was personally involved in the delay in conducting the disciplinary hearing within the five-day time period. *See Marozzi v. Superintendent of Auburn Corr. Facility*, No. 9:25-CV-1072 (AJB/MJK), 2025

WL 3042028, at *4 (N.D.N.Y. Oct. 31, 2025) (dismissing claims related to conditions the plaintiff allegedly endured during the labor strike for failure to plead personal involvement in the wrongdoing).

Accordingly, the Court finds that plaintiff's due process claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.

III.   CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 19) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall (i) revise the docket to reflect that Robinson is substituted as a defendant for Doe in this action; and (ii) revise the docket to reflect that Sirleaf, Sgt. Doe, and Montegari are defendants in this action; and it is further;

**ORDERED** that the Eighth Amendment failure-to-protect claim against Robinson survives review and requires a response; and it is further

**ORDERED** that the remaining claims in the amended complaint are **DISMISSED** without leave to replead; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with copies of the amended complaint, to the United States Marshal for service upon the defendant.  The Clerk shall forward a copy of the summons and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendant, or counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant Medical Doctor.  Plaintiff's failure to timely serve this defendant will result in dismissal of the claims asserted against him/her and termination of defendant from the action; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

IT IS SO ORDERED:

Lawrence E. Kahn
Senior U.S. District Judge

Dated:   May 27, 2026

11